```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____ :
                               :
LENNY ROSS,                    :
                               :    Civ. No. 19-6595 (NLH)
        Petitioner,            :
                               :
    v.                         :
                               :
PATRICK NOGAN, et al.,         :    OPINION
                               :
        Respondents.           :
_____:

Appearances

Steven D. Altman, Esq. and Philip Nettl, Esq.
Benedict and Altman, Esqs.
247 Livingston Ave.
New Brunswick, NJ 08901

    Counsel for Petitioner

John J. Santoliquido, Esq.
Office of the Prosecutor
4997 Unami Blvd.
P.O. Box 2002
Mays Landing, NJ 08330

    Counsel for Respondents

HILLMAN, District Judge

   I.   INTRODUCTION

    Petitioner, Lenny Ross ("Petitioner" or "Ross"), is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently pending before this Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), see ECF No. 16, and Petitioner's motion for leave to file a supplemental letter in

support of his Rule 60(b) motion.  See ECF No. 20.  The Clerk will be ordered to reopen this case so that these motions can be analyzed.  Petitioner's motion for leave to file a supplemental letter will be granted.  However, Plaintiff's motion for relief from judgment will be denied and a certificate of appealability shall not issue.

II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 24, 2011, during a drug transaction gone awry, Petitioner shot and killed Steven Gurss.  See ECF No. 5-4 at 7.  Eyewitnesses placed Petitioner at the scene of the crime when the shooting occurred.  See ECF 5-3 at 14-15, 19, 26-27, 29-30.

In November, 2012, a state grand jury indicted Petitioner on several drug and firearm counts as well as one count of murder.  After Petitioner unsuccessfully moved to suppress some of the witness identifications, the matter was set for trial.  Petitioner eventually pled guilty after jury selection to one amended count of aggravated manslaughter and the other counts were dismissed.  See ECF 5-4 at 2.

Petitioner subsequently moved to withdraw his guilty plea.  See ECF No. 5-5.  The New Jersey Superior Court denied Petitioner's motion to withdraw his guilty plea finding that Petitioner knowingly and voluntarily entered his plea and nothing in his motion gave him the right to withdraw.  See ECF

2

5-5 at 8. The Superior Court then sentenced Petitioner to thirty years imprisonment. See id. at 17.

Petitioner, through counsel, filed an appeal to the New Jersey Superior Court, Appellate Division, arguing that he received an excessive sentence. See ECF No. 5-6 at 4-5. Petitioner's appeal was placed on the Appellate Division's Excessive Sentencing Oral Argument ("ESOA") calendar pursuant to N.J. Ct. R. 2:9:11. That court rule states as follows:

> [i]n a criminal, quasi-criminal or juvenile action in the Appellate Division in which the only issue on appeal is whether the court imposed a proper sentence, briefs shall not be filed without leave of court and the matter shall be placed on a sentencing calendar for consideration by the court following oral argument, which shall be recorded verbatim. The appellate court at its discretion may direct the removal of any case from the sentencing calendar.

N.J. Ct. R. 2:9-11. Petitioner then filed a pro se motion requesting that his appeal be placed on the Appellate Division's plenary calendar rather than the ESOA calendar so that he could pursue a claim that the New Jersey Superior Court erred by denying his motion to withdraw his guilty plea. See ECF No. 10-1. Petitioner's appellate counsel during oral argument before the ESOA panel raised this issue as well by stating as follows:

> The other thing that I promised him that I would bring to the Court's attention is the fact that he had filed a motion to have this matter moved to the plenary calendar are given the lateness of the application –

3

> because he wants the Court - the Appellate
> Division to consider his Slater application
> on appeal that was denied below. So I
> wanted the Court to know that he's asking
> that it be moved to the plenary calendar
> rather than just be reviewed by this Court.

ECF No. 5-6 at 4-5.

The Appellate Division did not reassign the appeal to the plenary calendar. Instead, on October 1, 2014, the same day the ESOA panel heard the appeal, it issued a one-page order stating that the only issue on appeal related to Petitioner's sentence and that the sentence was not manifestly excessive or unduly punitive. See ECF No. 5-10.

Petitioner then filed a petition for writ of certification to the New Jersey Supreme Court. See ECF Nos. 5-11 & 5-12. Among the claims Petitioner raised to the New Jersey Supreme Court were that: (1) the Appellate Division denied his right to a direct appeal because the matter was placed on the ESOA calendar rather than the plenary calendar; and (2) the Superior Court improperly denied his constitutional right to a trial when it denied his motion to withdraw his guilty plea. See ECF No. 5-14. The New Jersey Supreme Court denied Petitioner's petition for certification without discussion. See ECF No. 5-14.

Petitioner then filed a post-conviction relief ("PCR") petition in the New Jersey Superior Court. See ECF No. 5-15, 5-16, 5-18. Among the claims Petitioner raised in his PCR

4

petition were: (1) ineffective assistance of appellate counsel for failing to acknowledge Petitioner's pro se motion to move Petitioner's appeal from the ESOA calendar to the plenary calendar so Petitioner could appeal pretrial motions and his motion to withdrawal his guilty plea, see ECF No. 5-15 at 6; (2) appellate counsel was ineffective for failing to argue all of Petitioner's claims before the Appellate Division, see ECF 5-15 at 7; and (3) Petitioner's appellate counsel failed to appeal Petitioner's entire case.  See ECF No. 5-18 at 17-18.

After holding oral argument, the New Jersey Superior Court denied Petitioner's PCR petition.  See ECF No. 5-19 & 5-20. Petitioner's appeals to the Appellate Division and the New Jersey Supreme Court from this denial proved unsuccessful.  See ECF No. 5-24 & 5-25.

Petitioner then filed a pro se federal habeas petition in this Court.  See ECF No. 1.  Petitioner raised several claims in this habeas petition.  Among the claims Petitioner raised were: (1) Petitioner was denied the right to a direct appeal when the Appellate Division failed to consider his claim that the Superior Court erred in denying his motion to withdraw his guilty plea; (2) Petitioner was denied his right to a trial when the Superior Court denied his motion to withdraw his guilty plea; and (3) Petitioner's counsel was ineffective in failing to appeal the New Jersey Superior Court's denial of his motion to

5

withdraw his guilty plea as well as file an interlocutory appeal from the Superior Court's denial of his motion to suppress identification testimony. Respondents opposed Petitioner's habeas petition. See ECF No. 5 & 6.

On June 2, 2022, this Court denied Petitioner's habeas petition in its entirety. See ECF No. 12 & 13. With respect to Petitioner's claim that counsel was ineffective for failing to appeal the denial of his motion to withdraw his guilty plea and denial of his suppression motions, this Court determined that Petitioner failed to show prejudice under the Strickland v. Washington, 466 U.S. 668 (1984) standard. See ECF No. 12 at 31-45, 49. As this Court noted in its previous opinion, Petitioner failed to establish to a reasonable probability that the outcome of the proceeding, in this case his appeal, would have been different but for counsel's unprofessional errors. See id. at 30, 31-45, 49.

Petitioner then obtained counsel to represent him. See ECF No. 14 & 15. Petitioner's habeas counsel filed the instant Rule 60(b) motion on June 28, 2022. See ECF No. 16. Petitioner argues that he is entitled to relief from this Court's June 2, 2022 denial of his habeas petition because this Court erred by not presuming prejudice rather than engaging in a "reasonable probability" inquiry under Strickland's prejudice prong. Petitioner also claims he is entitled to relief from judgment

6

because the habeas record lacked the civil case information statement that Petitioner's appellate counsel completed for Petitioner's direct appeal.  See ECF No. 16.

Respondents oppose Petitioner's Rule 60(b) motion.  See ECF No. 18.  Petitioner filed a reply in support of his Rule 60(b) motion.  See ECF No. 19.  Subsequently, on November 8, 2022, Petitioner filed a motion to supplement his Rule 60(b) motion so this Court can consider the impact, if any, of the New Jersey Superior Court, Appellate Division's decision in State v. Auxer, Indictment No. 16-08-1933, 2022 WL 16732381 (N.J. Sup. Ct. App. Div. Nov. 7, 2022).

III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" under certain circumstances.  The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Walsh v. Krantz, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." Mendez v. Sullivan, 488 F. App'x 566, 569 (3d Cir. 2012) (per curiam) (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d

7

Cir.1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" United States v. Fiorelli, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

    Grounds for relief from judgment under Rule 60(b) are:

    (1)  mistake, inadvertence, surprise or excusable neglect;

    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)  the judgment is void;

    (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)  any other reason that justifies relief.

Id.

    Petitioner does not expressly state which provision(s) of Rule 60(b) are applicable to his motion. Nevertheless, this Court construes the most applicable provisions based on Petitioner's arguments as Rule 60(b)(1), 60(b)(2) and 60(b)(6).

Rule 60(b)(1) includes reviewing mistakes of law by a judge.  See Kemp v. United States, 142 S. Ct. 1856, 1861-62 (2022).

Under Rule 60(b)(2), newly discovered evidence, which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b), can give rise to relief from a judgment or order.  Both Federal Rule of Civil Procedure 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence; therefore, cases discussing Rule 59 on the basis of newly-discovered evidence are equally relevant here.  See Compass Tech., Inc. v. Tseng Lab'ys, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995).

> Newly discovered evidence can justify a new trial "only if such evidence (1) is material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial."  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).  The party seeking a new trial "bears a heavy burden" since relief "should be granted only where extraordinary justifying circumstances are present."  Id.

Colyer v. Consol. Rail Corp., 114 F. App'x 473, 480-81 (3d Cir. 2004).

Finally, Rule 60(b)(6) is a catch-all provision which provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief."  Relief

9

will not be granted under Rule 60(b)(6) absent extraordinary and special circumstances. See Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

IV. DISCUSSION

A. Rule 60(b)(1) and (6)

Petitioner claimed in his habeas petition that he wanted counsel to file an interlocutory appeal from the denial of suppression motions and that appellate counsel should have appealed the denial of his motion to withdraw his guilty plea.[1] As indicated supra, this Court denied both claims after determining that Petitioner failed to show to a reasonable probability that the outcome of an appeal of these claims would have been different, thereby failing to show Strickland prejudice.

Petitioner argues that he is entitled to post-judgment relief because this Court legally erred by not presuming prejudice rather than engaging in a reasonable probability inquiry under Strickland's second/prejudice prong. Petitioner relies on the United States Supreme Court decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000) to support his argument.

---

[1] Petitioner had different counsel represent him during the trial and appellate proceedings.

10

In Flores-Ortega, the petitioner pled guilty to second-degree murder in state court. See Flores-Ortega, 528 U.S. at 473. Flores-Ortega received a fifteen-year sentence on November 10, 1993. See id. at 474. Flores-Ortega's court-appointed public defender wrote on his file "bring appeal papers," but no notice of appeal was filed on petitioner's behalf by counsel within the sixty-day period permitted under state law. See id. Flores-Ortega was unable to communicate with counsel for the first ninety days after sentencing, yet, on March 24, 1994, Flores-Ortega tried to file a notice of appeal that was rejected as untimely. See id. Flores-Ortega then unsuccessfully sought collateral relief in the state court that his attorney was ineffective for failing to file a notice of appeal. See id. He then sought federal habeas relief asserting ineffective assistance of counsel for failing to file a notice of appeal on his behalf after promising to do so. See id.

In Flores-Ortega, the Supreme Court reiterated that, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[," as "[c]ounsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is purely a ministerial task, and the failure to file reflects inattention to the defendant's wishes." 528 U.S. at 477. With respect to showing Strickland prejudice, the Supreme

11

Court explained that, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult him about an appeal, he would have timely appealed." See id. at 484.  However, where "violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent[,]" prejudice is presumed. See id.  Thus, "when a counsel's constitutionally deficient performance deprives a defendant an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to appeal."  See id.

Relying on Flores-Ortega, Petitioner asserts that this Court erred in analyzing whether Petitioner was prejudiced by appellate counsel's placement of his appeal on the ESOA calendar as it limited his appeal only to his sentence.  Petitioner claims this Courts needs to presume Strickland prejudice.  Thus, Petitioner claims this Court erred in analyzing whether Petitioner established, to a reasonable probability, that the outcome of his appeal would have been different but for counsels' purported errors.  For the following reasons, this Court disagrees.

First, this case is unlike Flores-Ortega factually. Appellate counsel did file an appeal, albeit at least initially only raising claims related to Petitioner's sentence.  Moreover,

12

Petitioner's counsel did eventually seek to appeal at least one issue related to Petitioner's conviction when he raised the issue of the denial of the withdraw of Petitioner's guilty plea to the ESOA panel during oral argument.  The ESOA panel could have analyzed the denial of Petitioner's motion to withdraw his guilty plea.  See State v. Marshall, Indictment Nos. 12-12-2837 & 18-06-1005, 2022 WL 1160968, at *2 (N.J. Super. Ct. App. Div. Apr. 20, 2022) (noting direct appeal was considered on Appellate Division's excessive sentence oral calendar and matter was remanded to the Superior Court for the judge to reconsider defendant's motion to withdraw his guilty plea); State v. Kabia, A-3808-12T1, 2014 WL 8106881, at *4 (N.J. Super. Ct. App. Div. Mar. 16, 2015) ("Defendant also contends that his appellate attorney's services were deficient because the attorney failed to request that the appeal be considered on a plenary calendar rather than on an oral argument sentencing calendar.  We find no merit in this argument.  This court routinely hears argument on a denial of a motion to withdraw a guilty plea through the procedural mechanism established by Rule 2:9-11.").

Petitioner's counsel filed an appeal in this case. Furthermore, Petitioner did raise through counsel at oral argument on appeal the denial of his withdraw of guilty plea motion.  As indicated above, this is something that the ESOA calendar could have, but apparently did not decide.  Given

13

though counsel sought to raise issues beyond sentencing, Flores-Ortega is distinguishable as counsel both: (1) filed an appeal; and (2) raised issues beyond sentencing.[2]  Based on these particular facts, Strickland's "reasonable probability" prejudice analysis was properly applied to the two non-sentencing issues Petitioner sought to appeal as indicated in his federal habeas petition; namely: (1) denial of motion to withdraw his guilty plea; and (2) denial of suppression motions.

Accordingly, Petitioner fails to show that he is entitled to relief under Rule 60(b)(1) as this Court did not legally err in its prior opinion.  Furthermore, Rule 60(b)(6) does not apply because there are no extraordinary circumstances warranting Petitioner's relief from judgment.

---

[2] Petitioner cites to State v. Auxer, A-3636-20, 2022 WL 16732381 (N.J. Super. Ct. App. Div. Nov. 7, 2022), to support his argument that this Court should presume Strickland prejudice. During post-conviction relief ("PCR") proceedings, Auxer raised a claim that he hired direct appellate counsel to appeal his conviction after a jury trial, but direct appellate counsel only appealed his sentence such that the matter was placed on the ESOA calendar. See Auxer, 2022 WL 16732381, at *1-2. Ultimately, the Appellate Division applied Flores-Ortega, presumed Strickland prejudice and gave Petitioner the right to file a direct appeal of his conviction. See Auxer, 2022 WL 16732381, at *2.  Initially, this Court notes that that Auxer is not binding on this Court.  Furthermore, unlike appellate counsel in Auxer, Petitioner's counsel sought to raise substantive issues related to Petitioner's underlying conviction, such as the denial of his motion to withdraw his guilty plea, not just issues related to Petitioner's sentence. Thus, Auxer is also distinguishable on its facts as well from this case.

14

B. Rule 60(b)(2)

Petitioner includes in his Rule 60(b) motion the criminal case information statement from his direct appeal which was not previously part of the federal habeas record. This Court construes Petitioner's inclusion of this document in his Rule 60(b) motion as a possible attempt by Petitioner to bring forth "newly discovered evidence" which warrants relief under Rule 60(b)(2).

Appellate counsel indicated on that form that the only issue involved in the appeal was whether the trial court imposed a proper sentence. See ECF 16-5 at 2. Petitioner claims that this illustrates appellate counsel was ineffective because Petitioner, on forms sent to the Office of the Public Defender, indicated that he wished to appeal the denial of: (1) suppression motions; (2) severance; (3) bifurcation;[3] and (4) his motion to withdraw his guilty plea. See ECF 5-17 at 80. Indeed, on Petitioner's appeal request form, Petitioner

---

[3] Unlike Petitioner's claims related to the denial of his suppression motions and denial of his motion to withdraw his guilty plea, Petitioner did not claim in his federal habeas petition that counsel should have appealed issues related to severance or bifurcation.

15

indicated that he wished to appeal his entire case including the sentence.  See id. at 81.

Petitioner though is not entitled to post-judgment relief under Rule 60(b)(2) based on this newly filed criminal case information statement from Petitioner's direct appeal. Petitioner's counsel indicates that he obtained the criminal case information statement by contacting the Appellate Division's supervisor.  As a court document, this document then presumably could have been obtained through reasonable diligence prior to this Court's judgment on June 2, 2022.  See, e.g., Gray v. Staley, 707 F. App'x 2, 2-3 (D.C. Cir. 2017) (finding district court did not abuse discretion in denying Rule 60(b)(2) motion based on newly discovered evidence as public records could have been discovered through exercise of reasonable diligence).

Furthermore, in denying Petitioner's claims related to issues purportedly failed to be raised on appeal, this Court denied such claims on prejudice grounds, not on whether Petitioner's counsel's performance fell below an objective standard of reasonableness.  Thus, Petitioner fails to show that he is entitled to post-judgment relief under Rule 60(b)(2).

C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may

16

not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

This Court will deny Petitioner a certificate of appealability to the extent one is necessary for Petitioner to appeal the denial of his Rule 60(b) motion.

V.   CONCLUSION

For the foregoing reasons, Petitioner's motion for leave to file a supplemental letter, ECF No. 20, is granted.  Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), ECF No. 16, will be denied.  A certificate of appealability shall not issue.

An appropriate order shall be entered.


DATED: January 11, 2023          s/Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.